| | |
|---|---|
| WILLIAM J. JONES,<br><br>        Petitioner,<br><br>   v.<br><br>J. SULLIVAN,<br><br>        Respondent. | Case No. 1:19-cv-00477-JDP (HC)<br><br>ORDER TO SHOW CAUSE WHY COURT SHOULD NOT SUMMARILY DISMISS PETITION FOR WRIT OF HABEAS CORPUS<br><br>ECF No. 1 |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Petitioner William J Jones, a state prisoner without counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2254. ECF No. 1. Petitioner does not challenge his conviction or sentence. Instead, he argues that certain prison officials' decision to place him in a cell with another inmate raises safety concerns. The matter is before the court for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases. *See* Rules Governing Section 2254 Cases, Rule 1(b); 28 U.S.C. § 2243. We will require petitioner to show cause why the court should not dismiss the petition.

We begin with the threshold issue of jurisdiction. If a prisoner's claim "would necessarily demonstrate the invalidity of confinement or its duration," a habeas petition is the appropriate avenue for the claim. *See Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005). In contrast, if a favorable judgment for the petitioner would not "necessarily lead to his immediate or earlier release from confinement," the court lacks habeas corpus jurisdiction, and the petitioner may assert his claim

only under 42 U.S.C. § 1983. *See Nettles v. Grounds*, 830 F.3d 922, 935-37 (9th Cir. 2016).

Here, petitioner's claim does not challenge the validity or duration of his confinement. He alleges that certain prison officials' decision to require him to share a cell with another inmate constitutes an act of deliberate indifference—a common theory in Section 1983 actions—but does not explain how such an action affects the validity or duration of his confinement. Petitioner may have erroneously filed a form intended for a Section 2254 habeas petition when he meant to file a Section 1983 complaint. *See generally* ECF No. 1. Whatever the case, this court lacks habeas jurisdiction over this case.

We next consider whether to convert the petition into a Section 1983 complaint. "If the complaint is amenable to conversion on its face, meaning that it names the correct defendants and seeks the correct relief, the court may recharacterize the petition so long as it warns the pro se litigant of the consequences of the conversion and provides an opportunity for the litigant to withdraw or amend his or her complaint." *Nettles*, 830 F.3d at 936 (remanding case to district court to consider claim under Section 1983).

Here, petitioner has named the warden of his institution of confinement and no one else as a party, so the petition does not appear amenable to conversion on its face. Conversion would also result in a strike under the Prison Litigation Reform Act for failure to state a claim, *see* 28 U.S.C. § 1915(g), because petitioner's allegations are too conclusory to state a Section 1983 claim: Petitioner alleges that sharing a cell with "Inmate Hutchinson" raises some unidentified safety concerns, ECF No. 1 at 7-8, but we cannot tell from his conclusory statements whether petitioner states a cognizable Section 1983 claim. We will not convert the petition into a Section 1983 complaint at this time.

The next question we face is whether we should allow petitioner an opportunity to allege additional facts. We have some serious doubt that petitioner has a cognizable, plausible claim of deliberate indifference, given his allegations' conclusory fashion. Even so, if petitioner faces a real threat from the inmate with whom he shares a cell, and some prison officials are ignoring certain safety concerns, petitioner could state a claim. Thus, giving petitioner the benefit of the doubt, the court will allow petitioner a chance to allege additional facts to support his claim.

2

Petitioner may file a Section 1983 complaint by the deadline set forth below. To state a cognizable claim, the complaint must contain, *inter alia*, petitioner's allegations on: (1) what safety threat he faces by sharing a cell with Inmate Hutchinson, (2) the identities of the prison officials who allegedly acted with deliberate indifference to petitioner's safety, (3) the actions that petitioner took to inform those prison officials or how those officials learned about the safety threat, and (4) those officials' involvement in causing the safety threat. Petitioner must allege enough facts to make his propositions plausible; the court will disregard his legal conclusions. The court will consider whether petitioner states a cognizable claim and whether to convert this case into a Section 1983 action after reviewing the complaint.

**Order**

Petitioner must file a Section 1983 complaint within thirty-days from the service of this order. If petitioner fails to comply with this order, the court may dismiss the case without prejudice.

IT IS SO ORDERED.

Dated: __April 16, 2019__      _____
UNITED STATES MAGISTRATE JUDGE

No. 202