UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM J. JONES,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>J. SULLIVAN,<br><br>　　　　　Respondent. | Case No. 1:19-cv-00477-JDP (HC)<br><br>FINDINGS AND RECOMMENDATIONS TO CONVERT PETITION FOR WRIT OF HABEAS CORPUS TO CIVIL RIGHTS ACTION UNDER 42 U.S.C. § 1983<br><br>OBJECTIONS DUE IN 14 DAYS<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN CASE TO DISTRICT JUDGE |

　　　Petitioner William J. Jones, a state prisoner without counsel, filed a writ of habeas corpus under 28 U.S.C. § 2254 on April 12, 2019. ECF No. 1. On April 17, 2019, we entered an order to show cause why the court should not dismiss the petition because petitioner appeared to assert claims that are cognizable only under 42 U.S.C. § 1983, and afforded petitioner an opportunity to file a complaint. ECF No. 2. In response, petitioner filed a civil rights complaint under 42 U.S.C. § 1983. ECF No. 3. We will recommend conversion of this action.

1

**I.  DISCUSSION**

As we recognized in the order to show cause, petitioner may convert his petition to a civil rights action under 42 U.S.C. § 1983.  *See Nettles v. Grounds*, 830 F.3d 922, 936 (9th Cir. 2016).  Petitioner's civil rights complaint under 42 U.S.C. § 1983 shows petitioner's intent to convert his case.  Because petitioner is unrepresented, we must further warn him of the consequences of conversion.  *See Nettles*, 830 F.3d at 936.  Habeas corpus and prisoner civil rights actions differ in a variety of respects, such as the proper defendants, filing fees, exhaustion requirements, and restrictions on future filings (e.g., the Prison Litigation Reform Act's three-strikes rule).  *Nettles*, 830 F.3d at 936 (citing *Robinson v. Sherrod*, 631 F.3d 839, 841 (7th Cir. 2011); *Glaus*, 408 F.3d at 388).  If petitioner chooses to convert the instant matter to a civil rights action, the filing fee for § 1983 civil rights cases is $350.  Petitioner is required to pay the full amount by way of deductions from income to petitioner's trust account, even if granted *in forma pauperis* status.  *See* 28 U.S.C. § 1915(b)(1).[1]

Petitioner also may, at his option, voluntarily dismiss his habeas petition without prejudice to refiling his claims as a § 1983 civil rights action.  However, petitioner is forewarned that dismissal and refiling may subject petitioner to a possible statute of limitations bar as well as other complications as set forth above.

**II.  ORDER**

The clerk of court is directed to assign this case to a district judge who will review the findings and recommendations.

**III.  FINDINGS AND RECOMMENDATIONS**

Accordingly, it is hereby recommended that the petition for writ of habeas corpus be converted to a civil rights action under 42 U.S.C. § 1983 after obtaining consent from petitioner.

These findings and recommendations are submitted to the U.S. district judge presiding over the case under 28 U.S.C. § 636(b)(1)(B) and Local Rule 304.  Within fourteen days of the service of the findings and recommendations, the parties may file written objections to the findings and recommendations with the court and serve a copy on all parties.  That document

---

[1] The Court notes that petitioner has not been authorized to proceed in forma pauperis in this case.

must be captioned "Objections to Magistrate Judge's Findings and Recommendations." The presiding district judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated:   July 12, 2019                                                                                
                                                                       UNITED STATES MAGISTRATE JUDGE

No. 204